UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MEDORA CLAI READING,
                       Plaintiff,

v.

SOUTHWEST AIRLINES COMPANY, JANE DOES 1 AND 2, and JOHN DOES 1 AND 2,

                       Defendants.

**MEMORANDUM AND ORDER**

22-CV-00265 (LDH) (VMS)

---

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

Medora Reading ("Plaintiff") brings the instant action against Southwest Airlines Company ("Southwest" or "Defendant"), Jane Does 1 and 2, and John Does 1 and 2 ("Doe Defendants") (collectively, "Defendants"), asserting claims against Southwest for violations of the Air Carrier Access Act and Section 504 of the Rehabilitation Act, against the Doe Defendants for conspiracy to violate Plaintiff's civil rights under 42 U.S.C. §§ 1985 and 1986, and against all Defendants for violation of the New York State Human Rights Law and for intentional infliction of emotional distress. Southwest moves pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss the complaint in its entirety.

The facts of this case are fairly straightforward. Plaintiff, a Florida resident, alleges that she was removed from a flight scheduled to depart from Washington, D.C. because of her failure to comply with Defendant's masking requirements. (Compl. ¶¶ 10, 39-44, 52, ECF No. 1.) Defendant is an airline carrier with its principal place of business in Texas. (*Id*. ¶ 5.)

Defendant argues that Plaintiff's claims should be dismissed because the Court lacks personal jurisdiction over it. The Court agrees. "To establish personal jurisdiction over a defendant, due process requires a plaintiff to allege (1) that a defendant has certain minimum contacts with the relevant forum, and (2) that the exercise of jurisdiction is reasonable in the

circumstances." *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (citations and internal quotation marks omitted). "For purposes of this initial inquiry, a distinction is made between 'specific' jurisdiction and 'general' jurisdiction." *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 343 (2d Cir. 2018) (quoting *Met. Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996)). "Specific jurisdiction exists when a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum; a court's general jurisdiction, on the other hand, is based on the defendant's general business contacts with the forum state and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts." *Id*. (quoting *Met. Life Ins. Co.*, 84 F.3d at 567 (internal quotation marks omitted)). Here, Plaintiff fails to establish either.

"Courts exercise specific jurisdiction only in a case arising out of a defendant's contacts with the forum." *Lopez v. Cookies SF, LLC*, No. 21-CV-05002, 2022 WL 4385407, at *4 (S.D.N.Y. Sept. 22, 2022). As Defendant argues, the complaint is devoid of any allegations demonstrating that Plaintiff's claims arise out of Defendant's contacts with New York. Indeed, Plaintiff is a Florida resident, and she asserts claims arising out of her attempt to board a plane in Washington, D.C. (Compl. ¶¶ 4, 10.) As Plaintiff fails to establish that her claims have any connection to Defendant's contacts with New York, the Court has no specific jurisdiction over Defendant.

In pressing the Court to find general jurisdiction over Defendant, Plaintiff argues that the airline is registered to do business in New York, advertises and sells tickets to New York residents, and operates in New York airports. (Pl.'s PMC Opp'n at 2, ECF No. 8.) But the case law is clear that these facts alone are insufficient to establish general jurisdiction. That is, "a foreign corporation does not consent to general personal jurisdiction in New York by merely

registering to do business in the state and designating an in-state agent for service of process." *Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 499 (2d Cir. 2020); *see also Mali v. Brit. Airways*, No. 17-CV-685, 2018 WL 3329858, at *6 (S.D.N.Y. July 6, 2018) (holding that the defendant airline's maintenance of "at least one office in New York" and operation of flights in and out of New York, did "not rise to the level required to render [d]efendant essentially at home in New York" (citation and alterations omitted)). Thus, as Defendant aptly argues, its activities in New York – registering to do business, as New York law requires, and generally conducting business as an airline – are insufficient to render it more "at home" in New York than in any other state where they operate. Accordingly, the Court lacks general jurisdiction over Defendant.

Anticipating these findings, Plaintiff requests that, rather than dismiss the complaint, the Court transfer venue to Defendant's "home forum."[1] (*Id.* at 3.) The Court denies this request. It is true that even when courts lack personal jurisdiction over a defendant, 28 U.S.C. § 1406(a) permits a court to transfer an action to another district where the case could have been brought if doing so would be in "the interest of justice." *See Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005). "Section 1406 was enacted to protect 'plaintiffs who were diligent in initiating suit from forfeiting their action as a result of venue quirks of which responsible plaintiffs would not necessarily have known.'" *Krisko v. Marvel Ent., LLC*, 473 F. Supp. 3d 288, 301 (S.D.N.Y. 2020) (quoting *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992)) (alterations omitted). Transfer should not be granted, however, where it would "reward plaintiffs for their lack of diligence in choosing a proper forum." *Spar*, 956 F.2d at 394. Here, Plaintiff has displayed a lack of diligence that the Court declines to reward. It is apparent from Plaintiff's

---

[1] Plaintiff also argues that Defendant's motion was improper because it was made orally, but this argument is unavailing. Federal Rule of Civil Procedure 7(b)(1)(A) states that motions for a court must be made in writing "unless made during a hearing or trial."

3

complaint and opposition letters that proper forum was not diligently researched.  As explained above, Plaintiff fails to allege a single fact demonstrating that New York was the proper forum for this action.  Thus, as Defendant argues, Plaintiff lacks a good faith basis for filing this action in New York.  (Defs.' PMC Reply at 2, ECF No. 11.)  And even in her request to transfer venue, Plaintiff fails to identify a proper forum.  Instead, Plaintiff requests transfer to Defendant's "'home' forum." (Pl.'s PMC Opp'n at 3.)  Neither Southwest's home forum, nor the forum in which specific jurisdiction would lie, is "some elusive fact" rendered undiscernible due to complicating factors.  *See Spar*, 956 F.2d at 394; *see also Krisko*, 473 F. Supp. 3d at 302 (denying venue transfer request where the plaintiff's lack of diligence was evident because his "complaint cite[d] no facts stating a colorable basis for jurisdiction under New York's long-arm statute").  Transfer of venue is not in the interest of justice, and the request is denied.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED without prejudice.

                                        SO ORDERED.

Dated: September 30, 2024                 /s/ LDH
      Brooklyn, New York              LaSHANN DeARCY HALL
                                       United States District Judge